IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUANDALA DENISE WALKER, ) | |
| # 261226 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv254-TMH |
| ) | (WO) |
| FRANK ALBRIGHT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief in which Petitioner, a state inmate, challenges a sentence imposed upon her by the Circuit Court for Chilton County, Alabama, a state trial court. Through her petition, Petitioner seeks an award of jail credit from the aforementioned state court. In their answer filed with this court on April 20, 2009 (Doc. No. 6), Respondents assert that Petitioner has failed to exhaust state court remedies with respect to the claims presented in her habeas petition. Specifically, Respondents allege that Petitioner has not pursued any state post-conviction proceedings challenging her sentence although she has an available state remedy through Rule 32 of the Alabama Rules of Criminal Procedure. *But see Perkins v. State*, No. CR-06-1121, 2007 WL 3226810 at *1 (Ala. Crim. App. Nov. 2, 2007) (under Alabama law, petition for writ of habeas corpus filed in state court is proper method by which to test whether State has correctly calculated time an inmate must serve in prison) ; *Day v. State*, 879 So.2d 1206,

1207 (Ala. Crim. App. 2003) (same).

Federal law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A).  Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted her available state court remedies with respect to each of the claims presented in her petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that Petitioner exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Accordingly, it is

ORDERED that on or before May 5, 2009, Petitioner shall show cause why her petition should not be dismissed for failure to exhaust state court remedies.

Done this 20th day of April, 2009.

        /s/Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE