IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUANDALA DENISE WALKER,<br># 261226<br><br>      Petitioner,<br><br>v.<br><br>FRANK ALBRIGHT, *et al.*,<br><br>      Respondents. | Civil Action No. 2:09cv254-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, filed on or about March 26, 2009, by Alabama inmate Quandala Denise Walker ("Walker"). (Doc. No. 1.) In her petition, Walker challenges a sentence imposed on her in December 2008 by the Circuit Court for Chilton County, Alabama, a state trial court. Specifically, she seeks an award of jail credit from the state court.

In their answer filed on April 20, 2009 (Doc. No. 6), the respondents assert that Walker has failed to exhaust her state remedies with respect to the claims presented in her federal habeas petition. This court then entered an order affording Walker an opportunity to demonstrate why her federal habeas petition should not be dismissed for failure to exhaust state remedies. (Doc. No. 10). Walker, however, has filed nothing further with the court.

**DISCUSSION**

The law directs that a petition for writ of habeas corpus filed by "a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Walker challenges a sentence imposed upon her by a state trial court and seeks an award of jail credit from that state court.  Under Alabama law, a petition for a writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison   Under Alabama law, a petition for writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated time an inmate must serve in prison. *Day v. State*, 879 So.2d 1206, 1207 (Ala. Crim. App. 2003); *see also Perkins v. State*, No. CR-06-1121, 2007 WL 3226810 at *1 (Ala. Crim. App. Nov. 2, 2007.  The materials before this court indicate that Walker has not filed a petition for a writ of habeas corpus in state court seeking the relief she requests in her federal habeas petition.  Thus, it appears that Walker has not exhausted her available state court remedies with respect to all claims presented in her federal petition.  This court does not deem it appropriate to rule on the merits of Walker's claims without first requiring that she exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Walker can pursue her available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Walker an opportunity to exhaust all state court remedies available to her. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 12, 2009.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done, this 29th day of May, 2009.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE